IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CONLEYSHA GASTON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 16-00744-DKW-4<br>CV. NO. 21-00406 DKW-WRP<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

On October 6, 2021, Petitioner Conleysha Gaston, proceeding pro se, filed a motion to vacate, set aside, or correct her sentence ("the Section 2255 Motion"), arguing that, in light of *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), and her understanding that her conviction under 18 U.S.C. Section 924(c)(1)(A) was "not categorically a crime of violence," she should be resentenced. Dkt. No. 950.[1]

While Gaston may be correct that her referenced conviction was "not categorically a crime of violence," this has nothing to do with *Taylor*. Instead, it is because she was charged with, and pled guilty to, having possessed a firearm in furtherance of a *drug trafficking crime*−an entirely different part of Section

---

[1] Unless otherwise noted, the Court cites herein to docket numbers in Gaston's underlying criminal case, No. 16-CR-744-DKW-4.

924(c)(1)(A)−that she received the sentence that she did.  Therefore, as further discussed below, Gaston is not entitled to be resentenced, and the misplaced (and untimely) Section 2255 Motion is DENIED.

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code, "[a] prisoner in custody under sentence of a court established by Act of Congress … may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255(a).  The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  *Id*.

To be timely, a Section 2255 Motion must be filed within one year of, among other events, the date on which the judgment of conviction became final or the date on which "the right asserted was initially recognized by the Supreme Court…."  28 U.S.C. § 2255(f)(1), (3).

## DISCUSSION

As an initial matter, the Section 2255 Motion is untimely.  Gaston's judgment of conviction was entered on December 14, 2018, Dkt. No. 592, and she

did not appeal. Therefore, her judgment of conviction became final 14 days after December 14, 2018, or December 28, 2018. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (explaining that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari finally denied."); Fed.R.App.P. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment).

One year later was December 28, 2019. The instant Section 2255 Motion was filed on October 6, 2021−well after December 28, 2019. Further, although Gaston relies upon case law from less than a year before the filing of her Section 2255 Motion, this is of no help to her with respect to timeliness because the decision is not one by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). Finally, Gaston does not identify any reason for tolling, which *might* save her Section 2255 Motion. Therefore, the Section 2255 Motion is untimely.

On the merits, contrary to her apparent belief, Gaston was not charged with, convicted of, or sentenced due to a crime of violence. Instead, she was charged with and pled guilty to four *drug trafficking crimes* and one offense of possessing a firearm in furtherance of a *drug trafficking crime*. Dkt. No. 1; Dkt. No. 486. Gaston was then sentenced to 120 months' imprisonment for her four drug

trafficking crimes and 60 months imprisonment for possessing a firearm in furtherance of a drug trafficking crime. Dkt. No. 592. In addition, pursuant to Section 924(c)(1)(A), Gaston's 60-month sentence was ordered to run consecutive to her 120-month sentence. *See id*.; 18 U.S.C. 924(c)(1)(A)(i). In other words, no part of Gaston's sentence is predicated upon a "crime of violence" as she suggests in her Section 2255 Motion. Therefore, as well as being untimely, there is also no merit to the Section 2255 Motion.[2]

For the same reasons, Gaston is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.").[3]

## CONCLUSION

For the foregoing reasons, the Court DENIES the Section 2255 Motion, Dkt. No. 950. In addition, the Court DENIES a certificate of appealability. The Clerk

---

[2] The Court notes that the deadline for Gaston to file a reply in support of the Section 2255 Motion was November 17, 2021. *See* Dkt. No. 951. However, no reply has been filed, and given the nature of the legal issue presented, the Court sees no circumstance where a reply would, in any event, matter.

[3] Gaston is also not entitled to an evidentiary hearing. *See* 28 U.S.C. 2255(b) (providing that a hearing should be held unless the record conclusively shows that the prisoner is entitled to no relief). Nor has she requested one.

is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 21-cv-406-DKW-WRP.

IT IS SO ORDERED.

Dated: November 24, 2021 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge